[S. F. No. 2561.   Department Two. — November 25, 1901.]

JOHN   A.   DRINKHOUSE, Administrator   of   Estate   of
Hattie A. Trundle, Deceased, Appellant, v. EMMA L.
MERRITT and W. R. H. ADAMSON, Executors of
Will of Adolph Sutro, Deceased, Respondents.

ESTATES OF DECEASED PERSONS — ACTION UPON CLAIM — TORT OF TES-
TATOR AGAINST INTESTATE — AGREED PROVISION IN WILL — SATIS-
FACTION — PRIOR DEATH OF INTESTATE. — Where a wrong done by a
deceased testator against a deceased intestate was settled by an
agreement between them that the former should make provision in
his last will in satisfaction thereof, and the agreement was fully
performed in the last will of the testator, the claim for the tort was
thus extinguished; and the fact that the person wronged died intes-
tate before the death of the testator cannot justify the presentation
of a claim by the administrator of the deceased intestate against
the estate of the deceased testator, or support an action upon such
claim.

ID. — REMEDY UNDER WILL IN PROBATE JURISDICTION. — If the estate of
the deceased intestate has any interest in the estate of the deceased
testator, it exists by virtue of the will of the latter, and is the ap-
propriate subject of probate jurisdiction in the administration and
distribution of that estate; and the sole remedy of the adminis-
trator of the intestate is to be sought in that jurisdiction, under the
will of the testator.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

A. Ruef, E. A. Holman, Welles Whitmore, and E. B. Mering,
for Appellant.

Lloyd & Wood, and McKinstry, Bradley & McKinstry, for
Emma L. Merritt, Respondent.

Campbell, Metson & Campbell, for W. R. H. Adamson, Re-
spondent.

THE  COURT. — This action is based upon a claim against
the estate of Adolph Sutro for fifty thousand dollars, presented
by plaintiff to defendants and by them rejected.   The demurrer
to the complaint was sustained on the ground of "lack of juris-

diction," and without leave to amend.   The defendants had judgment, from which plaintiff appeals.

The essential facts as set out in the complaint are as follows: "That in the month of July, 1879, at Virginia City, in the state of Nevada, said Adolph Sutro and Leah Sutro, his wife, in the presence of each other, committed a wanton, unprovoked, violent, and malicious personal assault and battery on said Hattie A. Trundle, and then and there, with malice, used, spoke, and published of and concerning and toward said Hattie A. Trundle certain false, scandalous, and malicious language in the presence and hearing of third parties, all of which caused great public scandal concerning said Hattie A. Trundle, deceased; that said Hattie A. Trundle thereafter intended, and announced her intention to said Adolph Sutro, to commence legal actions for damages against said Adolph Sutro therefor, but at the request of said Adolph Sutro did not do so, and refrained from so doing, and waived her legal rights in the premises in that regard, on the express promise made and contract and agreement of said Adolph Sutro, entered into with said Hattie A. Trundle, that he would make reparation and compensation for said wrongs by the provision hereafter mentioned in his will, for said Hattie A. Trundle; that in reliance on said promise, agreement, and contract, and in consideration thereof, said Hattie A. Trundle refrained from any legal proceedings whatever in the premises, and accepted the same and said provision to be made in the will of said Adolph Sutro in satisfaction thereof; that under and in accordance with said promise, agreement, and contract, said Adolph Sutro made and executed on the twenty-second day of May, 1882, his last will and testament, which will and testament . . . has been duly proven and admitted to probate in the matter of the estate of Adolph Sutro, deceased; . . . that said will, in so far as it concerns said agreement with said Hattie A. Trundle, was and is in the words and figures following, to wit: 'I, Adolph Sutro, do hereby make, publish, and declare the following as and to be my last will and testament.   I give, devise, and bequeath to the parties, purposes, and objects hereinafter named and specified as follows, to wit: . . . Eighteenth.   Unto Miss Hattie Trundle, of Washington, District of Columbia, heretofore known as Mrs. George Allen, the sum of fifty thousand dollars ($50,-000), as a reparation, as far as may be possible, for the injury

done her by a scandalous charge falsely and maliciously at Virginia City, state of Nevada, in the month of July, 1879, then and there brought against her.' That said provision was made for a valuable consideration then existing, to wit, for the said waiver of the said legal rights of said Hattie A. Trundle, which were then existing, as under the laws of the state of Nevada said rights did not outlaw until the expiration of two years, exclusive of the time of non-residence of a defendant; that said Adolph Sutro was in said state of Nevada for less than a year between July, 1879, and May 22, 1882."

The complaint also sets forth facts showing that Hattie A. Trundle died intestate, previous to the decease of Sutro.

We think the demurrer to the complaint was properly sustained.

The agreement of Sutro, "that he would make reparation and compensation for said wrongs by the provision hereinafter mentioned in his will," was complied with and fully performed on the part of Sutro when he left at his death a will to the effect agreed upon; and such performance on his part extinguished whatever obligation previously existed, and left nothing upon which to base a contract claim, or which required the presentation of a claim against the estate. "Full performance of an obligation, by the party whose duty it is to perform it, or by any other person on his behalf, and with his assent, if accepted by the creditor, extinguishes it." (Civ. Code, sec. 1473.) It is expressly alleged in the complaint that plaintiff's intestate accepted the "provision to be made in said will" in satisfaction of her claim. We conclude that if plaintiff has any interest at all in the estate of Sutro it exists by virtue of the will, and is the appropriate subject of the jurisdiction of the probate court in the administration and distribution of that estate, and that a suit cannot be maintained upon an obligation that has been extinguished.

It is not necessary for us here to discuss the subject of lapsed legacies, for that must be left to the jurisdiction, in the first instance, of the proper tribunal, to wit, the probate court, and anything we might say here as to that would be only *obiter*.

The judgment is affirmed.